# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

JAMES D. HARMON,

    Petitioner,

    v.

STATE OF ALASKA,

    Respondent.[1]

Case No. 1:23-cv-00009-SLG

## ORDER REGARDING SECTION 2254 PROCEEDING

On September 8, 2023, James D. Harmon, a self-represented prisoner, filed a Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody ("Petition").[2] After the Court notified Mr. Harmon his filing was deficient, he paid the filing fee on September 27, 2023.[3] The Court takes judicial notice[4] of Mr. Harmon's underlying criminal conviction in *State of Alaska v.*

---

[1] The Court notes that the State of Alaska is not the proper respondent in this case. The proper respondent in a proceeding governed by Section 2254 is the superintendent of the facility where the petitioner is held. *See* Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts. In the interests of judicial economy, Petitioner will be granted leave to name the proper respondent in order to avoid dismissal of the action. See *Dubrin v. California,* 720 F.3d 1095, 1100 (9th Cir. 2013) (petitioner should be granted leave to amend petition to name proper respondent).

[2] Docket 1.

[3] Docket Entry 09/27/2023 (Filing fee: $5, receipt number 100020593).

[4] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." BLACK'S LAW DICTIONARY (11th ed. 2019); *see also* Fed. R. Evid. 201; *Headwaters Inc. v. U.S. Forest Service*, 399 F.3d 1047, 1051 n.3 (9th Cir. 2005) ("Materials from a proceeding in

*Harmon, James D.,* Case No. 1JU-04-00671CR, his subsequent state court appeal,[5] and his post-conviction relief proceedings in state court.[6]

Pursuant to the Local Habeas Corpus Rules, the Local Magistrate Rules, and the Rules Governing Section 2254 Cases in the United States District Courts,

**IT IS HEREBY ORDERED:**

1. The Clerk of the Court shall refer this matter to a Magistrate Judge pursuant to Local Magistrate Rule 5(3).

2. The Clerk of Court is directed to serve the § 2254 Petition at Docket 1 and this order on:

> Tamara E. DeLucia, Solicitor General
> Office of Criminal Appeals
> 310 K Street, Suite 702
> Anchorage, AK  99501

3. By agreement between the Court and the Office of Criminal Appeals, the Office of Criminal Appeals will accept service on behalf of the respondent (the "Government"). Once an attorney is assigned to this case by the Office of Criminal Appeals, that attorney shall file a notice of appearance on or before **14 days** from the date of this order.

---

another tribunal are appropriate for judicial notice.") (internal quotation marks and citation omitted).

[5] *Harmon v. State,* 193 P.3d 1184 (Alaska Ct. App. 2008).

[6] *See In the Matter of: Harmon, James D.,* Case No. 1JU-09-708CI, Docket 01/24/2019 (Petition or Application Denied on 01/24/2019); *Harmon v. State,* Alaksa Court of Appeals Case No. A-13364, MO&J 7035 (affirming the judgment of the superior court on 01/04/2023); *Harmon v. State,* Supreme Court Case No. S-18623 (Petition for Hearing denied on 8/18/2023). Docket records of the Alaska Trial Courts and the Alaska Appellate Courts may be accessed online at https://courts.alaska.gov/main/search-cases.htm.

Case No. 1:23-cv-00009-SLG, *Harmon v. State of Alaska*
Order re Section 2254 Proceeding
Page 2 of 5
Case 1:23-cv-00009-SLG-KFR   Document 3   Filed 12/15/23   Page 2 of 5

4. The Criminal Justice Act (CJA) authorizes the Court to appoint an attorney for a person filing a Section 2254 petition who cannot afford an attorney. Within **30 days of the date of this order,** Mr. Harmon must file either (1) a request for court-appointed counsel on the enclosed Motion for Appointment of Counsel with a completed Financial Affidavit, or (2) a Notice of Intent to Proceed Without Counsel and represent himself.

5. Within **60 days** from Petitioner's Notice of Intent to Proceed without Counsel or the Court's order on Petitioner's Motion for Appointment of Counsel, Petitioner—or his court-appointed counsel— must file either: (1) an amended Section 2254 petition or (2) a motion to amend the Petition to name the proper respondent and indicating no amended petition will be filed.

6. The Office of Criminal Appeals shall file its Answer within **60 days** from the date of service of an amended petition or motion. Under Rule 5(b) of the Rules Governing Section 2254 Cases, the Answer should address the allegations of the Petition, and, in addition, state whether any claim in the Petition is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, or a statute of limitations. The Office of Criminal Appeals must also supplement the Answer with appropriate copies of transcripts, affidavits, and a memorandum of points and authorities material to the issues raised.[7]

---

[7] Rule 5(c), Rules Governing Section 2254 Cases.

Case No. 1:23-cv-00009-SLG, *Harmon v. State of Alaska*
Order re Section 2254 Proceeding
Page 3 of 5
Case 1:23-cv-00009-SLG-KFR   Document 3   Filed 12/15/23   Page 3 of 5

7. Petitioner—or his court appointed counsel if counsel has been appointed—may file a reply to the Answer within **21 days** of service of the Respondent's Answer.

8. There shall be no further briefing on the petition unless ordered by the Court.

9. The Court may hold an evidentiary hearing on its own motion, or on the motion of a party. Either party may make a motion for an evidentiary hearing **within 30 days** after the date Respondent files its Answer. A motion for an evidentiary hearing must contain a clear and concise statement of the necessity of the hearing, including why the evidence in the record is not sufficient.[8]

10. No party shall have any ex parte communication (that is, communication without the presence and/or knowledge and consent of the other parties) with a United States District Judge or Magistrate Judge of this Court about the merits of this action. If an attorney is appointed to represent Mr. Harmon, all communication with the Court on behalf of Mr. Harmon must only be made through filings by his attorney.

11. The Clerk is directed to send: (1) Motion for Appointment of Counsel (form PS08); (2) Financial Affidavit (form CJA 23); (3) Notice of Intent to Proceed Without Counsel (form PS18), and (4) Prisoner's Motion (form PS15) to Petitioner with this Order.

---

[8] *See* District of Alaska Local Habeas Rule 8.1.

Case No. 1:23-cv-00009-SLG, *Harmon v. State of Alaska*
Order re Section 2254 Proceeding
Page 4 of 5
Case 1:23-cv-00009-SLG-KFR   Document 3   Filed 12/15/23   Page 4 of 5

DATED this 15th day of December, 2023, at Anchorage, Alaska.

    */s/ Sharon L. Gleason*
    UNITED STATES DISTRICT JUDGE

Case No. 1:23-cv-00009-SLG, *Harmon v. State of Alaska*
Order re Section 2254 Proceeding
Page 5 of 5
Case 1:23-cv-00009-SLG-KFR   Document 3   Filed 12/15/23   Page 5 of 5