# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JAMES D. HARMON,<br><br>    Petitioner,<br><br>  v.<br><br>SARAH ANGOL,<br>Superintendent, Goose Creek<br>Correctional Center,<br><br>    Respondent. | Case No. 1:23-cv-00009-SLG-KFR |

## ORDER OF DISMISSAL

  Before the Court at Docket 1 is Petitioner James D. Harmon's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody and at Docket 21 an Amended and Supplemental Grounds for Relief Under 28 U.S.C. § 2254. The petition and amended petition were referred to the Honorable Magistrate Judge Kyle F. Reardon. At Docket 30, Judge Reardon issued his Report and Recommendation, in which he recommended that the petitions be denied. No objections to the Report and Recommendation have been filed.

  The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1). That statute provides that a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge."[1] A court is

---

[1] 28 U.S.C. § 636(b)(1).

to "make a de novo determination of those portions of the Magistrate Judge's report or specified proposed findings or recommendations to which objection is made."[2] However, § 636(b)(1) does not "require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."[3]

The Magistrate Judge recommended that the Court deny the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus and the Amended and Supplemental Grounds for Relief Under 28 U.S.C. § 2254. The Court has reviewed the Report and Recommendation and agrees with its analysis. Accordingly, the Court adopts the Report and Recommendation in its entirety, and IT IS ORDERED that the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus and the Amended and Supplemental Grounds for Relief Under 28 U.S.C. § 2254 are DENIED. The Clerk of Court is directed to enter a Final Judgment in this case.

A certificate of appealability shall not be issued by this Court because Petitioner has not made a substantial showing of the denial of a constitutional right.[4] Petitioner may seek a certificate of appealability from the Ninth Circuit Court of Appeals.

---

[2] *Id.*

[3] *Thomas v. Arn*, 474 U.S. 140, 150 (1985); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

[4] 28 U.S.C. §§ 2255(d), 2253(c)(2). See Slack v. McDaniel, 529 U.S. 473, 484 (2000) (certificate of appealability may be granted only if applicant made a "substantial showing of the denial of a constitutional right," i.e., a showing that "reasonable jurists could debate whether . . . the petition

Case No. 1:23-cv-00009-SLG-KFR, *Harmon v. Angol*
Order of Dismissal
Page 2 of 3
Case 1:23-cv-00009-SLG-KFR   Document 31   Filed 03/12/25   Page 2 of 3

DATED this 12th day of March, 2025, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further" (internal quotations and citations omitted)).

Case No. 1:23-cv-00009-SLG-KFR, *Harmon v. Angol*
Order of Dismissal
Page 3 of 3
Case 1:23-cv-00009-SLG-KFR   Document 31   Filed 03/12/25   Page 3 of 3